ASUEGA FAMILY by Siitupe, Plaintiff

v.

ASUEGA AFASA of Pago Pago, Defendant

No. 12-1937

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Matai Name: Asuega]

April 4, 1938

A. A. MORROW, *Chief Justice;* PULETU, *District Judge;* and MULI, *District Judge*

DECISION

This action is brought by various members of the

Asuega family by Siitupe for removal of Asuega as matai of the family. In substance the charges made by the complainants against Asuega are that:

1. He threatened to burn the fale of the sister of Asuega Tui, now deceased.

2. He said that it would be a good thing if all the children of Alualu were dead.

3. (The third charge was withdrawn at the trial and need not be stated here.)

4. His pride caused the family to have difficulties with the village of Pago Pago.

5. (The fifth charge was also withdrawn at the trial and need not be stated.)

6. He does not allow any member of his family to end his name with Asuega.

7. He told the members of his family they could quarrel and fight as long as they desired.

8. He made strong native beer and sold it in violation of the law.

9. He made the girls of his family engage in immoral practices with and before strangers, and brought the family into disrepute thereby.

10. He claimed all the family lands for himself and his immediate family.

11. He embezzled church funds to the extent of $179.20 in violation of Section 37 of the Codification. The eleventh charge was added at the trial by way of amendment but no evidence in support of it was permitted to be introduced until Asuega had had sufficient time to prepare to meet the charge.

The Court spent two days in listening to the testimony. It has considered the testimony with great care. A transcript of the evidence was prepared and the writer has

carefully read the entire transcript, and parts of it many times, before the preparation of this opinion.

The charges will be taken up seriatim. There was abundance of evidence presented at the trial to prove the first charge which involved the threat by the defendant to burn the fale in which the sister of Asuega Tui was living. It is true that this charge was denied by the defendant, as were most of the other charges, but the Court is clearly of the opinion that the evidence as to it clearly preponderates in favor of the complainants.

The Court regards the second charge as definitely proved also. There is no doubt in our minds after listening to the testimony that the defendant did say to others in substance that it would be a good thing if all the children of Alualu were dead. It appeared at the trial that the children of Alualu were members of the Asuega family.

The third charge was withdrawn in open court and therefore will not be considered.

With regard to the fourth charge it is quite clear from the evidence that the defendant had the floor of his fale higher above the ground than was warranted by his rank. It also appeared that at a feast in honor of a new Governor, Asuega forcibly pulled a girl out of a siva team because she was occupying a place on the team which he considered should be occupied by his daughter. This act occurred in the presence of a great number of people and in a public place. Whether his daughter should have occupied the position that was had by the girl which he pulled out of the team or not makes no difference. His display of pride under the circumstances could not help but reflect unfavorably upon the Asuega family. His conduct in the village of Pago Pago was such that he was ordered out of the village. He admitted this himself upon the witness stand.

The fifth charge was withdrawn and will not be considered.

The sixth charge relating to his not allowing any member of the family to end his name with the name Asuega was no doubt proved. In view of the meager evidence as to the practice in American Samoa of allowing a member of a matai family to use the matai name as his second name, the Court is unwilling to express an opinion as to whether the action of defendant in this connection was proper or improper. In reaching its conclusion, the Court will give no consideration to the sixth charge.

While there was contradictory evidence as to the truth of the seventh charge to the effect that the defendant told members of his family that they could quarrel and fight as long as they desired, the Court regards this charge definitely proved.

The eighth charge concerning the making and selling of beer in violation of law we think was proved by the testimony of the defendant himself. He admitted on the stand that he sold native beer. In another part of his testimony he said that it was his wife who made the beer, and he admitted on cross examination that she made it in his fale and he did not stop her. The Court is inclined to the view that his claim that his wife made the beer and not himself is just a subterfuge, and whether he made it himself or his wife made it in his fale with his knowledge and he did not stop her makes little difference. His conduct in either case did not become a matai. There was some circumstantial evidence and the direct testimony of one witness that defendant made the beer himself.

The ninth charge is the most serious of all. It involves defendant's use of his position as a matai to induce and compel girls of the Asuega family to engage in indecent and immoral practices. It was clearly proved that he asked girls of his own family (and a request to them from a matai is

584

practically an order) and a few girls from other families to dance naked before strange men, and that as a result an indecent dance was put on by the girls before strange men, one of the girls dancing naked and others almost so. It was stated by various witnesses that on numerous occasions he had either requested, or ordered, girls of his matai family and other girls to indulge in sexual intercourse with strange men. One girl testified that she had sexual intercourse in his fale at his orders with a strange man and also danced naked. This girl belongs to his family. Several girls testified that they were told by Asuega to have sexual intercourse with strangers and denied actually having done so. This denial was of course a most natural one.

The tenth charge we do not regard as proved. It is true that there was some difficulty between the defendant and various members of his family in connection with the land Faatufatome but the charge that he claimed all the family land for himself and all of his immediate family was certainly not sustained by the testimony. It is true that the evidence showed that Falealili, the defendant's cousin and another matai of the family, chased boys out of this particular piece of land but that is not proof that the defendant ordered it to be done even granting that it was improper, which we are not prepared to say. There was some testimony to the effect that Asuega ordered certain members of the family to keep out of this piece of land but it did not appear that they suffered any injury as the result of the order. In fact the evidence showed that they made plantations in the land anyway. The family has some other lands and it may be that the members who claimed that they were excluded from Faatufatome had plenty of the other lands assigned for their use.

The eleventh charge involves the claim that the defendant embezzled $179.20 of church funds. The evidence quite clearly showed that the amount of church funds

which came into his hands was not $179.20 but $235.00 instead and that he promised to repay this amount and never did it. When asked to return the money by the proper authorities the evidence shows that he stated that he had no money but that he would pay it (the $235.00) back. The money was traced to him. He knew it was church funds. He did not repay it. It does not follow from this evidence that he necessarily embezzled the money but his promise to pay it back pretty clearly demonstrates that he regarded himself as obligated to pay it back and his failure to do so under the circumstances is conduct unbecoming a matai.

A matai should be the leader of his family. He should be able with his capacity for leadership to influence the family to live peacefully and happily together. It came out in the testimony that the Asuega family have been divided for more than ten years. He has been the matai since 1917. It is not surprising from the evidence that the family was divided. In view of the testimony it could hardly be otherwise. A matai's character and conduct should be such as to warrant the respect of the members of his family and of the people in other families. If the matai is not respected in the community his value as a matai is greatly diminished.

In view of the fact that the court is unanimously of the opinion that the first, second, fourth, seventh, eighth, and ninth charges are all definitely proved and the further fact that the evidence shows that his conduct in connection with the church fund was improper we are of the opinion that the defendant should be and he is hereby removed as a matai. The Clerk of the High Court will certify such fact to the Attorney General who, pursuant to Section 79 of the Codification of the Regulations and Orders for the Government of American Samoa, will remove the name of the defendant from the matai record.

Court costs in the sum of $50.00 are hereby assessed against the defendant, the same to be paid within 60 days.